IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 95-40569
Summary Calendar

---

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROLAND ANGELLE,

                                        Defendant-Appellant.

---

Appeal from the United States District Court for the
Eastern District of Texas
(1:95-CV-153)

---

January 15, 1996
Before GARWOOD, DUHÉ and BARKSDALE, Circuit Judges.[*]

PER CURIAM:

    Roland Angelle appeals the district court's dismissal of his

---

[*]Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

motion for relief under 28 U.S.C. § 2255. Angelle contends that the sentencing court should not have imposed a four-point increase pursuant to U.S.S.G. § 3B1.1 to his offense level for being an organizer or leader. Angelle also contends that counsel was ineffective because he failed to contest the four-level increase, he filed a memorandum less than twenty-four hours before the sentencing hearing, and he did not appeal the four-level increase. Finally, Angelle contends that the district court erred in dismissing his section 2255 motion without affording him the opportunity to file a traverse or objections to the government's response.

We have reviewed the district court's decision and find no reversible error. Defense counsel filed objections to the PSR, which were addressed in an addendum to the PSR, and also a sentencing memorandum, each of which urged, among other things, that the PSR's proposed four-level enhancement for role in the offense was improper. At sentencing the district court expressly stated that it had considered the objections and the memorandum and found the four-level enhancement proper based on the PSR (the district court did sustain the objections and memorandum as to acceptance of responsibility). The record, particularly the PSR, adequately supports the four-level enhancement. There is nothing to show either that counsel's performance was constitutionally deficient or that Angelle was prejudiced thereby, and there is nothing to indicate that Angelle ever expressed any desire to appeal. Accordingly, we affirm the district court's decision.

AFFIRMED